I concur in the result reached by the majority.
The majority finds the cases cited by appellant distinguishable from the case sub judice. Three of them[1] are of little or no persuasive value because of the change made to subsection (A) of R.C. 2951.041. However, appellant's citation to State v. Fullenkamp (Oct. 26, 2001), Darke App. No. 2001CA1543, unreported, is useful.
Having read the Fullenkamp opinion, I am unpersuaded that court reached the correct result, given the standard of review it was required to afford the trial court's decision. Likewise, though I may disagree with the rationale underlying the decision reached by the trial court in this case[2], I nevertheless would find the trial court did not abuse its discretion in denying appellant's motion.
[1] State v. Gadd (1990), 66 Ohio App.3d 278; State v. Campbell (July 1, 1998), Muskingum App. No. CT97-0040, unreported; and State v. Smith
(Aug. 13, 1998), Cuyahoga App. No. 73280, unreported.
[2] The trial court's proffered reason for denying appellant's motion was the appellant failed to admit his drug problem and denied the cocaine found in his jacket pocket was his. Denial of having a drug problem is common among those having one. The psychiatric report indicating appellant was in danger of becoming drug dependant is inherently more reliable than appellant's self assessment. The fact appellant was found in possession of cocaine suggests his drug usage was a factor leading to the offense notwithstanding his denial of ownership of the cocaine to the probation officer.